IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RAMON MONTENEGRO,

        Plaintiff,

vs.                                                     No. CIV 09-095 WDS

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** came before the Court upon Plaintiff's Motion to Reverse and Remand for a Rehearing. Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security, who determined that Plaintiff was not eligible for benefits. Having considered Plaintiff's Motion and Memorandum Brief [Doc. No. 15], Defendant's Response [Doc. No. 16], Plaintiff's Reply [Doc. No. 17], the administrative record and applicable law, the Court finds that Plaintiff's Motion is well taken and it will be **GRANTED** and that this matter will be remanded to the Commissioner of Social Security for further proceedings consistent with the Memorandum Opinion and Order.

**I.  Background**

      Plaintiff was born on December 1, 1960. Tr. 30.  His work history is difficult to determine with certainty; however, it appears that he worked as a farm laborer, tractor driver, and construction laborer before the onset of his alleged disability. Tr. 22. Plaintiff applied for benefits on February 14, 2006. Tr. 89.  He alleged that he became disabled on March 16, 1996. Tr. 89.  Plaintiff alleged that he was disabled as a result of seizures; back, neck, knee and leg pain resulting from injuries he

sustained in 1996; diabetes; depression; anxiety; and headaches. Tr. 15. Plaintiff's application was denied at the initial level, Tr. 57, and at the reconsideration level. Tr. 54. Plaintiff appealed by filing a request for a hearing by an administrative law judge ("ALJ") on September 21, 2006. Tr. 12.

A hearing was held on April 10, 2008, before ALJ Mark R. Dawson, who heard testimony from Plaintiff and limited testimony from a vocational expert. Tr. 547-565. The ALJ used the Medical-Vocational Rules as a framework to find that the Plaintiff was not disabled, and he entered a decision finding him not disabled. Tr. 12-24. The Appeals Council denied Plaintiff's request for review, thus rendering the ALJ's decision the final decision of the Commissioner, from which Plaintiff now appeals. Tr. 2-4.

Plaintiff filed this action for judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). After consent by the parties, [Doc. Nos. 4,7] this case was assigned to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

## II.  Standard of Review

This Court may only review the Commissioner's decision to determine whether it is supported by substantial evidence and whether correct legal standards were applied. *Andrade v. Secretary of Health & Human Servs.,* 985 F.2d 1045, 1047 (10th Cir. 1993). In determining whether the Commissioner's findings are supported by substantial evidence, the Court should not re-weigh the evidence, nor should it substitute its judgment for that of the Commissioner. *Glass v. Shalala,* 43 F.3d 1392, 1395 (10th Cir. 1994). Instead, the Court should meticulously examine the record to determine whether the Commissioner's decision is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Williams v. Bowen,* 844 F.2d 748, 750 (10th Cir. 1993). The "substantial evidence" standard is satisfied by more than a scintilla,

but less than a preponderance, of evidence. *Id.* However, evidence is not substantial if it is overwhelmed by other evidence or if it constitutes a mere conclusion. *Ray v. Bowen,* 865 F.2d 222, 224 (10th Cir. 1989).

A sequential five-step analysis applies in determining whether an adult claimant is disabled and entitled to benefits under the Social Security Act. *See Williams,* 844 F.2d at 750-52; 20 C.F.R. §§ 404.1520, 416.920. First, the question is whether the claimant is engaged in substantial gainful activity. *Williams,* 844 F.2d at 750. If so, the claimant is not disabled; if not, the analysis proceeds to step two. *Id.* At the second step, the question is whether the claimant has an impairment or combination of impairments that is severe. *Id.* If not, the claimant is not disabled; however, if the claimant makes the required showing of severity, the analysis proceeds to step three. *Id.* at 750-51. At step three, the question is whether the claimant has an impairment or combination of impairments that meets or equals an impairment listed at Appendix 1, Subpart P, of 20 C.F.R. Part 404 ("Listings" or "Listed Impairment"). *Id.* at 751. If so, the impairment is considered to be presumptively disabling. *Id.* If not, the analysis proceeds to step four, where the question is whether the impairment prevents the claimant from doing past work. *Id.*

The claimant is not disabled if he or she can perform past work. *Id.* If the claimant cannot perform past work, the analysis proceeds to step five, where the burden shifts to the Commissioner to establish that the claimant has the residual functional capacity ("RFC") "to perform other work in the national economy in view of his age, education and work experience." *Id.* (quoting *Bowen v. Yuckert,* 482 U.S. 137, 142 (1987)). The claimant is entitled to benefits unless the Commissioner establishes that the claimant can "perform an alternative work activity and that this specific type of job exists in the national economy." *Id.* (quoting *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984)).

### III.  Summary of the ALJ's Decision

At step one of the sequential five-step analysis, the ALJ declined to make a definite finding as to whether Plaintiff had engaged in substantial gainful employment since his alleged onset date, reasoning that it was impossible to make such a determination based on the record. Tr. 13-15. The ALJ found at step two that Plaintiff had the severe impairments of deformity in his right lower extremity resulting from remote fractures, seizure disorder, and psychological disorders. Tr. 15-18. The ALJ found at step three that Plaintiff's impairments were not severe enough to meet or medically equal any of the Listings.  Tr. 18-19.  At step four, the ALJ concluded that Plaintiff retained the residual functional capacity (RFC) for "a range of light work," where he could perform simple jobs that would not require sustained concentration and jobs that would not expose him to hazards, such as exposed heights, open machinery, and open flames or heating elements.  The ALJ stated, "Specifically, Claimant is able to perform jobs that would not require him to lift more than 20 pounds on an occasional basis or sit, stand, and/or walk more than two hours total during an eight-hour work day." Tr. 19.  Given the RFC assessment, the ALJ found that Plaintiff could not perform his past relevant work.  Tr. 22.  At step five, the ALJ used the Medical-Vocational Rules as a framework to find that the Plaintiff was not disabled.  Tr. 23-24.

Plaintiff alleges the following errors: the ALJ's finding that Plaintiff can engage in a reduced range of light work is unsupported by substantial evidence and is contrary to law; the ALJ's assessment of the weight to be assigned the treating doctor's opinion is unsupported by substantial evidence and is contrary to law, the ALJ's reliance on the vocational expert testimony was contrary to the evidence and the law, and the ALJ's credibility determination is contrary to law. Tr. 21.

### IV.  Discussion

**1.  Was the ALJ's Finding that Plaintiff can Engage in a Reduced Range of Light Work Unsupported by Substantial Evidence and Contrary to Law and Was the ALJ's Reliance on the Vocational Expert Testimony Contrary to the Evidence and the Law?**

The two issues cited above arise from the ALJ's fourth finding.  This finding reads in pertinent part: "Claimant has the residual functional capacity *for a range of light work.  Specifically, Claimant is able to perform jobs that would not require him . . . to sit, stand, and/or walk more than two hours total during an eight-hour work day."* Tr. 19 (emphasis added).

The parties have different interpretations of ". . . sit, stand, and/or walk more than two hours total during an eight-hour work day."  Plaintiff appears to interpret this language as meaning that the Plaintiff is unable to sit for more than two hours total during an eight-hour work day; is unable to stand for more than two hours total during an eight-hour work day; and is unable to walk for more than two hours total during an eight-hour work day.  [Doc. No. 15, pp. 16-17]. Plaintiff points out that the vocational expert testified that the jobs she presented that Plaintiff could perform do not provide for the sit/stand option. *Id.*

Defendant responds that the correct reading of the fourth finding is that Plaintiff could perform a full workday, and that the ALJ inadvertently typed "two hours" instead of "six hours." Defendant argues that to the extent the ALJ's decision is unclear, it amounts to a harmless writing error.  [Doc. No. 16, p. 3]. Defendant cites two cases to support his contention.  Defendant cites *Benskin v. Bowen*, 830 F.2d 878, 883 (8th Cir. 1987*)* for the proposition that "an arguable deficiency in opinion writing technique is not a sufficient reason for setting aside an administrative finding where, as here, the deficiency probably had no practical effect on the case outcome." Defendant cites *Diaz v. Sec'y of Health & Human Servs.,* 898 F.2d 774, 777 (10th Cir. 1990) for the proposition that a minimal error by the ALJ does not require reversal or remand.

The Court does not agree with the Defendant that this error could have no practical effect on the case outcome and does not agree that this error is minimal. Rather, the issue goes to the heart of the ALJ's determination regarding residual functional capacity. Plaintiff's interpretation of the language is charitable. As far as the Court is concerned, the RFC limits Plaintiff to sitting, standing or walking for a combined total of two hours a day. While it may be true that the ALJ intended to write "six hours" instead of "two hours," the Court cannot divine that from the rest of the opinion and, accordingly, this case must be remanded for clarification of the ALJ's fourth finding.

The Court also notes that the RFC for Plaintiff provided that he could do "a range of light work" but did not specify whether he could perform a full range or limited range. Defendant states that the ALJ found that Plaintiff could perform a "full" range of light work, [Doc. No. 16, p. 3], but in the hypothetical presented to the vocational expert, the ALJ asks the expert to assume that Plaintiff could perform a "limited" range of light work. Tr. 564. This issue should be clarified on remand.

**2. Was the ALJ's Assessment of the Weight to be Assigned the Treating Doctor's Opinion Unsupported by Substantial Evidence and Contrary to Law?**

"[A]n ALJ must give good reasons. . . for the weight assigned to a treating physician's opinion." *Watkins v. Barnhart,* 350 F.3d 1297, 1300 (10th Cir. 2003) (citation omitted). The ALJ must first determine whether the treating physician's opinion is entitled to controlling weight. *Id.* Even if a treating physician's opinion is not entitled to controlling weight, it is "still entitled to deference and *must be weighed* using all of the factors provided in 20 C.F.R. §. . . 416.927." *Id.* (quoting SSR 96-2p, 1996 WL 374188 at *4) (emphasis added). Those factors are:

> (1) the length of the treatment relationship and the frequency of examination;
>
> (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed;

>(3) the degree to which the physician's opinion is supported by relevant evidence;
>
>(4) consistency between the opinion and the record as a whole;
>
>(5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and
>
>(6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Id.* at 1301 (quotation omitted).

"After considering the pertinent factors, the ALJ must give good reasons . . . for the weight he ultimately assigns the opinion." *Id.* (quotation omitted). Although an ALJ's failure to explicitly discuss all the factors may not prevent this Court from performing a meaningful review, *Oldham v. Astrue,* 509 F.3d 1254, 1258 (10th Cir. 2007), the record must reflect that the ALJ considered all of the factors in his weight calculation. *See* 20 C.F.R. §416.927(d)(2) ("When we do not give the treating source's opinion controlling weight, we apply the factors listed in . . . this section in determining the weight to give the opinion."); SSR 96-2p, 1996 WL 374188 at *4 (explaining that even when the treating source's opinion is not entitled to controlling weight, it is "still entitled to deference and must be weighed using *all of the factors* provided in 20 CFR . . . 416.927." (emphasis added)). *Id.* (quotation omitted). If the ALJ rejects the opinion completely, he must give specific, legitimate reasons for his decision. *Watkins v. Barnhart,* 350 F.3d at 1301. (quotations omitted).

Plaintiff argues that the ALJ was required to give controlling weight to his treating physician's opinion; however, even if he was not, the ALJ erred by failing to articulate his reasons for his conclusion and by failing to state the amount of weight he did afford the treating physician's opinion. [Doc. No. 15, pp. 13-14]. Furthermore, if the ALJ rejected the opinion completely, the ALJ failed to give specific and legitimate reasons for doing so. Defendant contends that the ALJ used the

proper standards for weighing the treating physician's opinions, including the six factors found in *Watkins, supra,* [Doc. No. 16, p. 9]*;* however, Defendant did not elaborate or provide examples for the Court.

Citing *Watkins v. Barnhart,* the ALJ states that "[t]he treating source's opinions are not entitled to controlling weight in this case." Tr. 21. The ALJ supported this decision by reasoning that the functional limitations described by the treating physician were not supported by the medical evidence of record. However, the ALJ failed to articulate what weight, if any, he gave the treating physician's opinions and further failed to articulate the reasons for his decision. Without such discussion, this Court must remand. *See, e.g., Lopez v. Astrue,* 2010 WL 1172610 (10th Cir. (N.M.)) (where the Tenth Circuit reversed the district court's judgment affirming the ALJ's decision holding, *inter alia,* that the ALJ had failed to articulate what weight, if any, the ALJ gave to the treating physicians.); *see also Wade v. Astrue,* 268 Fed.Appx. 704 (10th Cir. 2008); *King v. Barnhart,* 114 Fed. Appx. 968 (10th Cir. 2004).

## V.  Conclusion

Plaintiff's Motion to Reverse and Remand for a Rehearing [Doc. No. 15] is hereby **GRANTED,** and this matter is remanded to the Commissioner of Social Security for further proceedings consistent with the Memorandum Opinion and Order.[1]

_____
**W. DANIEL SCHNEIDER**
**UNITED STATES MAGISTRATE JUDGE**

---

[1]This Court declines to reach the other issues raised on appeal because they may be affected by the ALJ's treatment of the case on remand. *See Robinson v. Barnhart,* 366 F.3d 1078, 1084 (10th Cir. 2004) (quotation omitted); *Lopez v. Astrue, supra* at 12.